IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIAN MALONE a/k/a JAWANZA MALONE, DOUGLAS RHODES a/k/a FUNDISHI MPATANISHI, and JHATYN TRAVIS a/k/a HASANI TRAVIS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 04 C 8186 |
| THE AMERICAN FRIENDS SERVICE COMMITTEE, | ) ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Brian Malone a/k/a Jawanza Malone, Douglas Rhodes a/k/a Fundishi Mpatanishi, and Jhatayn Travis a/k/a Hasani Travis, all of whom are African-American, have sued their former employer the American Friends Service Committee (AFSC) for terminating their employment in violation of 42 U.S.C. §§ 1981 and 1986. AFSC has moved for summary judgment. For the reasons stated below, the Court grants the motion.

**Facts**

Plaintiffs were staff members of the African-American Community Empowerment Program (AACEP), a program established by the AFSC to serve African-American communities in Chicago. Rhodes served as the director of AAECP; Malone and Travis were the program's only other staff members. In September 2003, AFSC officials learned of allegations that AAECP had been coopted by another ethnically-based organization called Wachanga to the

1

point that AACEP staff, members, and clients were being required to join Wachanga to participate in AACEP. In October 2003, AFSC placed the plaintiffs on paid leave, and in December 2003, AFSC retained Kroll International to investigate the allegations against the plaintiffs. In April 2004, Kroll International submitted its report, which stated that all of AACEP's staff and participants were also members of Wachanga, that Wachanga was using AACEP to gain credibility in the African-American community, and that Wachanga leaders had used their positions of authority to sexually abuse individuals who participated in AACEP/Wachanga programs. Plaintiffs disputed these findings. AFSC nonetheless decided to discontinue AACEP and terminated the plaintiffs' employment. Def. 56.1 Stmt. ¶¶ 4-5, 12-29.

## Discussion

AFSC is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving part[ies] [are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Plaintiffs initially contend that summary judgment is inappropriate because they survived defendants' motion to dismiss. As AFSC correctly points out, however, plaintiffs confront different hurdles on a motion for summary judgment than on a motion to dismiss. "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice .... In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal citations omitted).

The plaintiffs claim that AFSC discriminated against them based on their race in

2

violation of 42 U.S.C. § 1981. In cases brought under section 1981, plaintiffs can use either direct or indirect proof to show intentional discrimination. *Hague v. Thompson Distrib. Co.*, 436 F.3d 816, 820 (7th Cir. 2006). It is unclear which method plaintiffs intend to use to prove discrimination, so we will evaluate their claim under both theories.

Under the direct method, a plaintiff is permitted to show that his termination was motivated by an illegal purpose using either direct or circumstantial evidence. *Rhodes v. Ill. Dept. of Transp.*, 359 F.3d 498, 504 (7th Cir. 2004). Plaintiffs provide no direct evidence of discrimination, but they can nonetheless attempt to present a "'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'" *Id.* (quoting *Troupe v. May Dept. Stores Co.*, 20 F.3d 734, 737 (7th Cir. 1994)). Circumstantial evidence may include suspicious timing, ambiguous statements, or questionable behavior directed toward other employees in the protected group. *See Troupe*, 20 F.3d at 737. AFSC undeniably terminated, at the same time, the three African-American staff members of a program serving the African-American community. Without more, however, that evidence is insufficient to permit a jury to find intentional discrimination. *See Hague*, 436 F.3d at 820 (finding that African-American employer's simultaneous firing of four Caucasian employees alone was insufficient circumstantial evidence to show intentional discrimination). Plaintiffs therefore cannot succeed under the direct method of proof.

Under the *McDonnell-Douglas* indirect burden-shifting method, plaintiffs may establish a *prima facie* case of discrimination by showing they are members of a protected class; they were meeting their employer's performance expectations; they suffered an adverse employment action; and they were treated less favorably than similarly situated persons who were not

members of the protected class. *Id.* If the plaintiffs succeed in establishing a *prima facie* case of discrimination, the defendant must articulate a non-discriminatory reason for its termination decision. The burden then shifts back to the plaintiffs to prove that the defendant's reasons are pretextual. *Id.* at 823.

AFSC contends that plaintiffs have failed to establish a *prima facie* case of discrimination under the *McDonnell-Douglas* approach because they have not identified any similarly situated employees outside the protected class who were treated more favorably. *See Bio v. Federal Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005). Plaintiffs summarize several Supreme Court and appellate cases regarding employment discrimination based on race, but they fail to identify any non-African-American AFSC employees who were similarly situated but were treated more favorably by AFSC. For example, they have provided no evidence to suggest that there where non-African-American employees who were not fired even though they were using their AFSC positions to recruit members for other organizations.[1] The Court concludes that the plaintiffs have failed to establish a *prima facie* case of discrimination and that AFSC is therefore entitled to summary judgment on plaintiffs' section 1981 claim.

The Court also notes that even if plaintiffs had made out a *prima facie* case of discrimination, they have offered no evidence that would permit a reasonable fact finder to determine that AFSC's articulated reason for termination was pretextual. An employer's stated reason for a challenged action is pretextual if it is not the real reason for the employer's action. *See Holmes v. Potter*, 384 F.3d 356, 361 (7th Cir. 2004). Plaintiffs have offered no evidence at

---

[1] Plaintiffs contend that AFSC allowed other organizations to use its address and telephone number, but the allegations made against plaintiffs and Wachange went far beyond that.

all that disputes AFSC's contention that it received disturbing information regarding plaintiff's activities; hired an investigator to look into these activities; received a report documenting various improprieties by the plaintiffs; and as a result, decided to end the AACEP program and terminate the plaintiffs' employment.[2] Though plaintiffs appear to challenge some of the investigator's findings, they have offered no evidence at all that would permit a reasonable jury to find that AFSC did not actually rely on those findings in terminating the plaintiffs' employment.

The plaintiffs also claim that AFSC violated 42 U.S.C. § 1986. Section 1986 creates a cause of action against an individual who neglects or refuses to stop a conspiracy to violate the civil rights of a member of a protected class. As AFSC points out, however, a plaintiff can only succeed on his claim under section 1986 if he proves the existence of an underlying conspiracy that violates 42 U.S.C. § 1985. *See Grimes v. Smith*, 776 F.2d 1359, 1363 n. 4 (7th Cir. 1985). The plaintiffs in this case have failed to present evidence of a conspiracy in violation of section 1985. The Court therefore grants AFSC's motion for summary judgment on plaintiffs' section 1986 claim.

**Conclusion**

For these reasons, the Court grants AFSC's motion for summary judgment [docket no.

---

[2] The investigator's report is unquestionably admissible to show AFSC's reason for acting, a non-hearsay use. *See, e.g., Corral v. Chicago Faucet Co.,* No. 98 C 5812, 2000 WL 628981, at *5 n.4 (N.D. Ill. Mar. 9, 2000).

46]. As the plaintiff's motion for leave to file an amended complaint is still pending, the Court sets the case for a status hearing on May 25, 2006 at 9:30 a.m.

Date: May 9, 2006
                                                                MATTHEW F. KENNELLY
                                                                 United States District Judge